SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nora Y. Sandoval, | No. CV 18-08250-PCT-JJT (BSB) |
| Petitioner, | |
| v. | **ORDER** |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

Petitioner Nora Y. Sandoval, who is confined in the Arizona State Prison Complex-Perryville, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and paid the filing fee. The Court will require an answer to the Petition.

**I.    Petition**

A jury convicted Petitioner in Mohave County Superior Court, case #CR 2011-01237, of two counts of possession of dangerous drugs for sale, two counts of possession of dangerous drugs, and three counts of possession of drug paraphernalia and the court sentenced her to presumptive prison terms totaling 31.5 years. The Arizona Court of Appeals affirmed Petitioner's convictions and sentences. *See State v. Sandoval*, No. 1 CA-CR 14-0242, 2015 WL 1035236, at *1 (Ariz. Ct. App. Mar. 10, 2015). According to Petitioner, the trial court denied her first petition for post-conviction relief. (Doc. 1 at 5.) The Arizona Court of Appeals granted review, but denied relief from the denial of her

TERMPSREF

1  first successive petition for post-conviction relief. *See State v. Sandoval*, No. 1 CA-CR
2  16-0763-PRPC, 2017 WL 4684209, at *1 (Ariz. Ct. App. Oct. 19, 2017).

3        In her Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona
4  Attorney General as an Additional Respondent. Petitioner raises four grounds for relief.
5  In Ground One, Petitioner alleges that the trial court abused its discretion by denying her
6  motion to suppress concerning a search for which she contends that probable cause did
7  not exist. In Ground Two, she alleges the court abused its discretion by failing to grant
8  her a continuance to retain counsel of her choice. In Ground Three, Petitioner alleges that
9  there was insufficient evidence to support a verdict of possession of a dangerous drug,
10 i.e., Clonazepam. In Ground Four, she alleges that she was denied the effective assistance
11 of trial counsel.

12       The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

13 **II.**   **Warnings**

14     **A.**   **Address Changes**

15       Petitioner must file and serve a notice of a change of address in accordance with
16 Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion
17 for other relief with a notice of change of address. Failure to comply may result in
18 dismissal of this action.

19     **B.**   **Copies**

20       Petitioner must serve Respondents, or counsel if an appearance has been entered, a
21 copy of every document that she files. Fed. R. Civ. P. 5(a). Each filing must include a
22 certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also,
23 Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4.
24 Failure to comply may result in the filing being stricken without further notice to
25 Petitioner.

26     **C.**   **Possible Dismissal**

27       If Petitioner fails to timely comply with every provision of this Order, including
28 these warnings, the Court may dismiss this action without further notice. *See Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office. Pursuant to the Memorandum of Understanding, copies of the Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses. Within 2 business days, the Attorney General's Office will acknowledge receipt of the Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**."

TERMPSREF

CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

(5) This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 15th day of October, 2018.

Honorable John J. Tuchi
United States District Judge

**TERMPSREF**

- 4 -